UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

HONEYWELL INTERNATIONAL, INC.,

        Plaintiff,

      -v-                1:24-CV-885

HONEYWELL CONTROL
TECHNOLOGY INTERNATIONAL, INC.,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                          OF COUNSEL:

FROSS ZELNICK                   JAMES D. WEINBERGER, ESQ.
   LEHRMAN & ZISSU, P.C.
Attorneys for Plaintiff
151 West 42nd Street, 17th Floor
New York, NY 10036

DAVID N. HURD
United States District Judge

## ORDER GRANTING DEFAULT JUDGMENT

    This is a trademark infringement case. Plaintiff Honeywell International, Inc. ("plaintiff") is a publicly traded Fortune 500 company that, together with its affiliated companies, operates in four business sectors: aerospace, building automation and controls systems, performance materials and technologies, and safety and productivity solutions. As relevant here, plaintiff holds the "HONEYWELL" mark, one of the most famous trademarks in the world.

According to the complaint, defendant Honeywell Control Technology International Inc. ("defendant"), an entity that is not associated or affiliated with plaintiff, and that has never been authorized or otherwise licensed to use the "HONEYWELL" mark, has improperly adopted the "HONEYWELL" mark to deceive and defraud consumers in violation of the Lanham Act and related state law.

Plaintiff filed this civil action on July 17, 2024. Dkt. No. 1. Despite being served, Dkt. No. 6, defendant failed to answer or appear to defend this action. Thereafter, plaintiff sought the entry of default, Dkt. No. 8, which the Clerk of the Court certified and approved on August 29, 2024, Dkt. No. 9.

On September 10, 2024, plaintiff moved under Rule 55 of the Federal Rules of Civil Procedure for default judgment. Dkt. No. 10. Despite being served, Dkt. No. 10-3, defendant has failed to appear or respond to plaintiff's motion. The time in which to do so has expired. Accordingly, plaintiff's motion will be considered on the basis of the submissions without oral argument.

Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for obtaining a default judgment against a defaulting party. FED. R. CIV. P. 55(a)–(b). The first step is to obtain an entry of default from the Clerk of the Court. FED. R. CIV. P. 55(a). The second step is to seek a default judgment,

which must ordinarily be reviewed by the court unless the claim is for a sum certain.  FED. R. CIV. P. 55(b)(1)–(2).

"[A] party's default is deemed an admission of all well pleaded allegations of liability."  *Greyound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992).  But it is not an admission of damages.  *Id.*  And "it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law."  *LaBarbera v. ASTC Lab'ys Inc.*, 752 F. Supp. 2d 263, 270 (E.D.N.Y. 2010) (cleaned up).

Plaintiff seeks various forms of injunctive relief.  Dkt. No. 10-2.  "A court may issue an injunction on a motion for default judgment provided that the moving party shows that (1) it is entitled to injunctive relief under the applicable statute, and (2) it meets the prerequisite for the issuance of an injunction."  *CommScope, Inc. of N. Carolina v. Commscope (U.S.A.) Int'l Grp. Co., Ltd.* ("*Commscope*"), 809 F. Supp. 2d 33, 41 (N.D.N.Y. 2011) (Suddaby, J.).

Upon review of the submissions, and based on the well-pleaded allegations in the complaint, the motion for a default judgment will be granted because plaintiff has established the necessary elements.  First, under § 34 of the Lanham Act, a court has "the power to grant injunctions, according to the principles of equity and upon such terms as the court may deem reasonable."

*Commscope*, 809 F. Supp. 2d at 41 (quoting 15 U.S.C. § 1116). Second, the allegations in the pleading, which have been deemed admitted as a result of defendant's default, are sufficient to establish plaintiff's substantive claims for relief and, as relevant here, to substantiate the likelihood of consumer confusion that triggers a finding of irreparable harm and permits the award of injunctive relief.[1] *See id.*

Therefore, it is

ORDERED that

1. Plaintiff's motion for default judgment (Dkt. No. 10) is GRANTED;

2. Defendant, as well as its agents and assigns, is PERMANENTLY ENJOINED from:

> (a) imitating, copying, or making unauthorized use of the trademark HONEYWELL, or any simulation, reproduction, copy, colorable imitation or confusingly similar variation of the HONEYWELL mark (any such mark, a "Prohibited Mark"), in or as part of any corporate name, trademark, service mark, domain name, trade name, business name, fictitious name, or otherwise presenting any name that includes in whole or in part a Prohibited Mark on or in connection with any

---

[1] Plaintiff also sought the transfer of any Internet domain name that incorporates the HONEYWELL mark, Dkt. No. 10-2 ¶ 13, and for the New York Department of State to cancel defendant's domestic business registration, ¶ 12. Those two requests have not been awarded here because plaintiff's papers fail to substantiate these requests with supporting legal authority.

goods, businesses, or services offered by defendant or the advertising or promotion thereof;

(b) using a Prohibited Mark to refer to or describe any products, goods, or services offered by or on behalf of defendant or any individual, entity, or third party affiliated with defendant;

(c) using a Prohibited Mark in or as part of any domain name, keyword, metatag, source code, or other Internet search term, or otherwise using a Prohibited Mark on or in connection with any website owned or controlled by defendant;

(d) applying to register or registering in the United States Patent and Trademark Office, or in any state trademark registry, any Prohibited Mark, including the HONEYWELL mark;

(e) using a Prohibited Mark in connection with the promotion, advertisement, sale, offering for sale, or the provision of any goods or services;

(f) engaging in any other activity constituting unfair competition with plaintiff or constituting an infringement of the HONEYWELL mark; or

(g) instructing, assisting, aiding, or abetting any other person or entity in engaging in or performing any of the activities in subparagraphs (a) through (f) above;

3. Defendant SHALL DELIVER to plaintiff's attorneys for destruction[2] all goods, labels, tags, signs, stationery, prints, packages, promotional and marketing materials, advertisements, and other materials currently in its possession or under its control, incorporating, featuring, or bearing the HONEYWELL mark or that incorporate, feature, or bear any simulation, reproduction, copy, colorable imitation, or confusingly similar variation of the HONEYWELL mark; and

4. Within thirty (30) days of the date of this Order, defendant shall take any and all actions necessary to comply with this award of injunctive relief. In the event defendant fails to do so, defendant may be held in CONTEMPT and subject to an appropriate PENALTY.

The Clerk of the Court is directed to enter a judgment accordingly and close the file.

IT IS SO ORDERED.

Dated: October 23, 2024
       Utica, New York.

David N. Hurd
U.S. District Judge

---

[2] Where, as here, plaintiff has established a violation of 15 U.S.C. § 1125(a), the court may in its discretion order the delivery and destruction of counterfeit goods. *See, e.g.*, *Streamlight, Inc. v. Gindi*, 2019 WL 6733022, at *10 (E.D.N.Y. Oct. 1, 2019).